[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SPECIALDEFENSES
In this action to foreclose certain real property, the FDIC, successor in interest to Mechanics Farmers Savings Bank, seeks to strike the Disclosure of Defense and the Special Defenses filed by defendant Jose Alves. In his special defense, the defendant has alleged that he obtained title to the premises by a Tax Collector's deed pursuant to Conn. Gen. Stat. § 12-157, and that by operation of the statute the defendants' interest is superior to and prior in right to that of the plaintiff.
The plaintiff's response is two-fold: first, that a tax sale under § 12-157 is not a sale of the taxing authority's priority, position, but rather a sale of the real property free of any claim by the former owner of the equity and subject to such nondischargeable liens as are on the property at the time of sale; and second, that the deed itself specifies that it is subject to "the interests, if any [,] held by the Federal Deposit CT Page 11180 Insurance Corporation. . .".[1]
There is no case law construing the effect of § 12-157 in a situation such as that presented here. The deed tendered to the defendant states that the deed is subject to such interests as the FDIC may have, but it is unclear what that interest is in relation to the priority of the defendant's interest. That must await further proof, at trial or on summary judgment. At present, construing the facts in the light most favorable to the defendant, that is, that he can show that the FDIC's interest is inferior to his own, the motion to strike the disclosure of defense and special defense is denied.
PATTY JENKINS PITTMAN, J.